CLERKS OFFICE
US DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED
2/20/2026
LAURA A. AUSTIN, CLERK
BY: s/J. Lopez
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**

**JOHN ERTL**, *on behalf of himself and all others similarly situated*,

*Plaintiff*,

v.

**FULTON BANK, N.A.**,

*Defendant*.

Case No.: 3:26CV11

**COMPLAINT - CLASS ACTION**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1. This action arises out of the marketing practices of Defendant, Fulton Bank, N.A. ("Defendant" or "Fulton") that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and the Virginia Telephone Privacy Protection Act, § 59.1-510, *et seq*. ("VTPPA").

2. Defendant makes, or has made on its behalf, prerecorded telemarketing calls soliciting its products and services.

3. Defendant makes these calls to individuals that have not consented to receive such telemarketing calls.

4. Accordingly, Plaintiff brings this action on behalf of himself and classes of similarly situated individuals.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

6. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the claims under Virginia state law claims alleged herein arising out of the same controversy.

7. This Court has jurisdiction over Defendant because Defendant conducts business transactions in this District and has committed tortious acts in/from this District. For example, Defendant targeted a resident of this District with its telemarketing calls.

8. Venue is proper in this District because some of the wrongful conduct giving rise to this case occurred in, was directed from, and/or emanated from this District.

**PARTIES**

9. Plaintiff John Ertl ("Mr. Ertl" or "Plaintiff") is, and at all times mentioned herein was, a citizen and resident of Charlottesville, Virginia.

10. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant is, and at all times mentioned herein was, a national banking association headquartered at 1 Penn Square, Lancaster, Pennsylvania 17602.

12. Defendant may be served via its registered agent, CT Corporation System, 4701 Cox Rd. Ste. 285, Glen Allen, VA 23060-6808.

13. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

14. Defendant is, and at all times mentioned herein was, a "seller" as defined by VTPPA § 59.1-510.

**TCPA BACKGROUND**

15. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v.*

*Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

16. Section 227(b) of the TCPA prohibits making calls to cellular telephones using an artificial or prerecorded voice without the prior express consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

17. A violation of section 227(b) carries statutory damages of $500 to $1,500 per call. *See* 47 U.S.C. § 227(b)(3)(B).

*Virginia Telephone Privacy Protection Act*

18. VTPPA provides additional protections from telemarketing abuse to Virginia residents, like Plaintiff.

19. VTPPA defines a "telephone solicitation call" as follows:

> (i) any telephone call made or initiated to any natural person's residence in the Commonwealth, to any landline or wireless telephone with a Virginia area code, or to a landline or wireless telephone registered to any natural person who is a resident of the Commonwealth or (ii) any text message sent to any wireless telephone with a Virginia area code or to a wireless telephone registered to any natural person who is a resident of the Commonwealth, for the purpose of offering or advertising any property, goods, or services for sale, lease, license, or investment, including offering or advertising an extension of credit or for the purpose of fraudulent activity, including engaging in any conduct that results in the display of false or misleading caller identification information on the contacted person's telephone.

VTPPA § 59.1-510.

20. VTPAA prohibits a telephone solicitor from initiating, or causing to be initiated "a telephone solicitation to a telephone number when a person at such telephone number previously has stated that he does not wish to receive a telephone solicitation made by or on behalf of the person on whose behalf the telephone solicitation is being made." VTPPA § 59.1-514(A).

21. VTPAA also prohibits a telephone solicitor from initiating, or causing to be initiated "a telephone solicitation call to a telephone number on the National Do Not Call Registry maintained by the federal government . . . ." VTPPA § 59.1-514(B).

22. VTPAA provides Virginia residents with a private right of action :

> Any natural person who is aggrieved by a violation of this chapter shall be entitled to initiate an action against any responsible person to enjoin such violation and to recover from any responsible person damages in the amount of $500 for a first violation, $1,000 for a second violation, and $5,000 for each subsequent violation.

VTPAA § 59.1-515(A).

23. If the Court finds a willful violation, the court may, in its discretion, increase the amount of any damages awarded for a first or second violation to an amount not exceeding $5,000. VTPAA § 59.1-515(B).

24. In addition to any damages awarded, a plaintiff may also be awarded reasonable attorney fees and court costs. VTPAA § 59.1-515(C).

## FACTUAL ALLEGATIONS

25. Plaintiff is the user of a cellular telephone number ending in 8944.

26. Plaintiff registered his telephone number ending in 8944 on the National Do-Not-Call Registry on May 25, 2018 because he did not want to receive the types of solicitation calls at issue here.

27. Plaintiff also informed Defendant that he did not want to receive solicitation calls from Defendant.

28. On February 13, 2026 at 12:17pm, Mr. Ertl received an unsolicited telemarketing call from Defendant.

29. The call came from (434) 610-8201.

30. When Mr. Ertl answered the phone, an artificial or prerecorded voice began to play.

31. The artificial or prerecorded voice was a male voice.

32. When Mr. Ertl answered the phone, the message began to play and stated it was from an agent of Fulton Bank and instructed Mr. Ertl to call Fulton Bank if he was in the market for a new loan.

33. Mr. Ertl knew the call was prerecorded because he attempted to interrupt the voice, but the message kept playing.

34. Following the call, Mr. Ertl called Defendant at (800) 385-8644 to complain about the unsolicited call.

35. The customer service representative informed Mr. Ertl that Defendant's records indicated he previously requested to be opted out of marketing communications and that he should not have received such a call.

36. Plaintiff did not provide his consent to receive prerecorded calls from Defendant.

37. Upon information and belief, Defendant markets its products and services via unsolicited prerecorded telemarketing calls.

38. Upon information and belief, Defendant uses software to make prerecorded calls *en masse* and input the telephone numbers of its agents into the caller ID so that a recipient of the call would call the number back and speak with an agent that could solicit them with a loan.

39. Defendant's records or the records of third parties will reveal all of the calls Defendant made to Plaintiff and the putative classes.

40. Defendant's violations were negligent.

41. Alternatively, Defendant's violations were willful and knowing.

42. Plaintiff and the classes were damaged by the violations alleged herein. Their

privacy was improperly invaded, Defendant's calls temporarily seized and trespassed upon the use of their phones, and they were forced to divert attention away from other activities to address the unwanted calls. The calls were annoying and a nuisance, and wasted the time of Plaintiff and the class members. *See, e.g., Mims,* 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to prerecorded calls).

**DEFENDANT'S LIABILITY**

43. Defendant makes, directly or through persons on its behalf, telephone solicitation calls, to hundreds if not thousands of consumers across the U.S., including to consumers whose phone numbers are listed on the National DNC Registry.

44. These calls utilized an artificial or prerecorded voice in violation of 47 U.S.C. § 227(b).

45. For violations of 47 U.S.C. § 227(b), Plaintiff is entitled to a minimum of $500 per call. *See* 47 U.S.C. § 227(b)(3)(B).

46. Plaintiff is entitled to $1,500 per call if Defendant's actions are found to be knowing or willful. See 47 U.S.C. § 227(b)(3)(C).

47. Defendant also violated VTPPA § 59.1-514(A).

48. With respect to VTPPA § 59.1-514(A), Defendant initiated, or caused to be initiated, a telephone solicitation call to a telephone number when a person at such telephone number previously has stated that he does not wish to receive a telephone solicitation made by or on behalf of the person on whose behalf the telephone solicitation is being made. VTPPA § 59.1-514(A).

49. Defendant also violated VTPPA § 59.1-514(B).

50. With respect to VTPPA § 59.1-514(B), Defendant initiated, or caused to be

initiated, a telephone solicitation call to a telephone number on the National Do Not Call Registry. VTPPA § 59.1-514(B).

51. Accordingly, for each violation of VTPPA § 59.1-514, Plaintiff is entitled to $500 for the first violation, $1,000 for the second violation, and $5,000 for each subsequent violation pursuant to VTPPA § 59.1-515(A).

52. Plaintiff is entitled to not more than $5,000 for each violation determined to be willful pursuant to VTPPA § 59.1-515(B).

53. Plaintiff is also entitled to her reasonable attorneys' fees and costs as well as his expenses. VTPPA § 59.1-515(C).

## CLASS ACTION ALLEGATIONS

54. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of the following "Classes," defined as follows:

> **Prerecorded Class:** All persons within the United States who from four years prior to the filing of this action through the date of class certification Defendant (or a person or entity acting on behalf of Defendant) called using an artificial or prerecorded voice message for the same purpose Plaintiff was called.
>
> **VTPPA IDNC Class**: Plaintiff and all persons (i) residing in the Commonwealth of Virginia, or (ii) with landlines or wireless telephone lines with a Virginia area codes, to whose telephone number Defendant placed a telephone solicitation where Defendant's records reflect that the telephone number to which the telephone calls were made was associated with a do-not-call request or is opted out of marketing communications, from two years prior to the filing of the Complaint through class certification.
>
> **VTPPA DNC Class**: Plaintiff and all persons within the United States to whose Virigina Area Code telephone number Defendant placed a telemarketing call when the telephone number to which the telephone calls were made was on the National Do-Not-Call Registry, from two years prior to the filing of the Complaint through class certification.

55. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to

whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

56. The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

57. The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant and/or third parties maintain written and electronically stored data showing:

a. The time period(s) during which Defendant or its agents made the calls;

b. The telephone numbers to which Defendant or its agents made the calls;

c. The telephone numbers for which Defendant had prior express written consent;

d. The purposes of the calls;

e. Whether a prerecorded voice was used during the calls; and

f. The names and addresses of Class members.

58. Upon information and belief, the Class is comprised of hundreds, if not thousands, of individuals.

59. There are common questions of law and fact affecting the rights of the Members of the Class, including, *inter alia*, the following:

a. Whether Defendant (or someone acting on its behalf) makes telemarketing calls;

b. Whether Defendant (or someone acting on its behalf) obtains prior express written consent;

c. Whether Defendant or the entities with which they contract make solicitation calls and to telephone numbers registered on the National Do-Not-Call Registry;

d. Whether the calls Defendant made were prerecorded.

e. Whether Defendant's statutory violations were willful and knowing; and

f. Whether Defendant should be enjoined from engaging in such conduct in the future.

60. Plaintiff is a member of the Classes in that Defendant or its agents placed a call to Plaintiff for telemarketing purposes, while his number was registered to on the National Do-Not-Call Registry. In addition, the call utilized an artificial and/or prerecorded voice.

61. Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

62. Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Defendant's unwanted prerecorded calls and suffered a nuisance and an invasion of their privacy.

63. Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

64. Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent him and the Classes.

65. Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

66. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

67. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

68. Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**
**Violation of the TCPA, 47 U.S.C. § 227(b)**
**(On behalf of Plaintiff and the Prerecorded Class)**

69. Plaintiff and the proposed Classes incorporate the allegations contained in Paragraphs 1 through 69 of this Complaint as if fully set forth herein.

70. Defendant placed, or had placed on its behalf, prerecorded telephone calls to Plaintiff's and Class Members' cellular telephone numbers without prior express consent.

71. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b).

72. Defendant has therefore violated 47 U.S.C. § 227(b).

73. As a result of Defendant's unlawful conduct, Plaintiff and the Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

74. Plaintiff and the Prerecorded Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 277(b)(3).

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members relief against Defendant, as set forth in the Prayer for Relief below

**SECOND CAUSE OF ACTION**
**Violations of the VTPPA § 59.1-514(A)**
**(On behalf of Plaintiff and the VTPPA IDNC Class)**

75. Plaintiff and the proposed Class incorporate the allegations of paragraphs 1-69 as if fully set forth herein

76. Defendant initiated, or caused to be initiated, a telephone solicitation call to the telephone numbers of Plaintiff and the putative VTPPA IDNC Class members when Defendant's records also reflected that a person at such telephone number previously has stated that he/she does not wish to receive a telephone solicitation made by or on behalf of the person on whose behalf the telephone solicitation is being made. VTPPA § 59.1-514(A).

77. Defendant did not have prior express invitation or permission to make the calls.

78. Plaintiff and putative VTPPA DNC Class Members are entitled to an award of $500 for the first violation, $1,000 for the second violation, and $5,000 for each subsequent violation. VTPAA § 59.1-515(A).

79. Plaintiff and putative VTPPA DNC Class Members are entitled to an award of an amount not exceeding $5,000 for a first or second violation if determined to be willful. VTPAA § 59.1-515(B).

80. Plaintiff and putative VTPPA IDNC Class Members are entitled to an award of reasonable attorneys fees and costs. VTPAA § 59.1-515(C).

//
//
//
//
//
//

**THIRD CAUSE OF ACTION**
**Violations of the VTPPA § 59.1-514(B)**
**(On behalf of Plaintiff and the VTPPA DNC Class)**

81. Plaintiff and the proposed Class incorporate the allegations of paragraphs 1-69 as if fully set forth herein

82. Defendant initiated, or caused to be initiated, a telephone solicitation call to the Virginia telephone numbers of Plaintiff and the putative VTPPA DNC Class members while their phone numbers were registered on the National Do Not Call Registry. VTPPA § 59.1-514(B).

83. Defendant did not have prior express invitation or permission to make the calls.

84. Plaintiff and putative VTPPA DNC Class Members are entitled to an award of $500 for the first violation, $1,000 for the second violation, and $5,000 for each subsequent violation. VTPAA § 59.1-515(A).

85. Plaintiff and putative VTPPA DNC Class Members are entitled to an award of an amount not exceeding $5,000 for a first or second violation if determined to be willful. VTPAA § 59.1-515(B).

86. Plaintiff and putative VTPPA IDNC Class Members are entitled to an award of reasonable attorneys fees and costs. VTPAA § 59.1-515(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Classes and appointing his counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the statutes referenced herein;

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein and adopting policies and procedures that will compel Defendant's compliance with the TCPA and VTPPA;

D. An award of statutory damages;

E. An award of treble damages under the TCPA and enhanced damages under VTPPA;

F. An award of reasonable attorneys' fees and costs; and

G. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

*/s/ Clinton W. Verity*
Clinton W. Verity, Esq. [VSB No. 75535]
Friedman Fisher Verity, PLLC
125 S. 14th Street, Suite 120
Richmond, VA 23219
Tel: (804) 602-7388
Fax: (804) 602-7768
cverity@ffvlaw.com

*/s/ Max S. Morgan, Esquire**
Max S. Morgan [PA Bar No. 316096]
THE WEITZ FIRM, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

(*pro hac vice application forthcoming)